UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: POM WONDERFUL, LLC, MARKETING AND SALES PRACTICE LITIGATION | Case No. 13-mc-217-CM-TJJ<br><br>Relating to an Action Pending in the Central District of California Case No. 2:10-ML-2199-DDP (RZx) |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Quash and/or Modify Subpoena (ECF No. 1) filed by Plaintiff Anne Haynes. Defendant POM Wonderful, LLC ("Pom") served a subpoena issued out of the District of Kansas on July 1, 2013 upon non-party Custodian of Records for Constance Irick, M.D., Haynes's physician. The subpoena ordered the production of three categories of documents related to Haynes's medical records. Haynes requests that the subpoena be either quashed entirely, or modified in relation to her deposition testimony. Pom opposes the relief requested by Haynes. For the reasons set forth below, the Court concludes that if Ms. Haynes files a statement by February 5, 2014, expressly stating that she will not adduce any evidence at trial as to her health, then the subpoena at issue will be quashed without further order of the Court. If, however, such a statement is not filed on or before February 5, 2014, then the Motion to Quash will be denied and the Motion to Modify will be granted.

I.  **BACKGROUND FACTS**

Haynes is a member of a nationwide class comprised of all persons who, between October 2005 and September 2010, purchased one or more POM Wonderful 100% juice products. In the underlying class action, currently pending in the United States District Court for the Central District of California, Plaintiffs allege that Pom's advertising is false and/or

misleading in violation of California's False Advertising Law, Unfair Competition Law, and Consumers Legal Remedies Act.

At her deposition, Haynes testified that she purchased the juice because Pom advertised that it had "a lot of health benefits" including "mitigating high blood pressure." Haynes also testified that the juice did not lower her blood pressure. Haynes further testified that she purchased the juice to "prevent cancer" because of a history of cancer in her family.

Category 1 of the subpoena requests all documents in the files of Haynes's physician related to her medical care, "including but not limited to medical examinations, consultations, hospitalization, treatment, testing, surgery or counseling." Category 2 requests "documents related to diagnosis, analysis, treatment, surgery, prescriptions, or any tests conducted by Dr. Irick, or which relate to Ms. Haynes [ ] both written and recorded." In Category 3, the subpoena requests "(a)ny documents related to the billing of any medical examination, hospitalization, treatment, testing, surgery or counseling received by Ms. Haynes."

## II. ARGUMENTS ASSERTED FOR AND AGAINST QUASHING THE SUBPOENA

Haynes moves to quash the subpoena on the grounds that it seeks information that is irrelevant to the subject matter of this action. Specifically, she argues the subject matter of this action is whether Pom made false and/or misleading representations regarding the health-related benefits of its juice, as to which her personal medical records are irrelevant. She further argues that her right to privacy regarding her medical records outweighs any minimal relevancy of the information sought.

Alternatively, Haynes requests that the subpoena be modified, as it is overly broad. Specifically, she requests that the subpoena should be limited in scope to the conditions that she testified to at deposition as her reason for purchasing the juice.

Pom argues that the documents requested are relevant because Haynes placed her medical history at issue by claiming that she purchased the juice to treat her high blood pressure and to prevent cancer, but that the juice was not effective at doing so. Pom argues that if Haynes is claiming that the juice is not effective and did not provide her with the advertised health benefits, then Pom should be allowed to test her claims by examining her medical records to inquire into the truth of her allegations as to her medical conditions prior to using the juice, to see if her medical conditions or treatments affected the effectiveness of the juice, and to see if she received any health benefits from the juice. As such, Pom argues that Haynes' medical records are relevant to the subject matter of this action.

Pom also argues that although Haynes states that her health is not at issue, she has refused to stipulate that she will not put her physical condition at issue or call as witnesses at trial any of her doctors. Thus, Pom argues that despite her assertions to the contrary in the motion, Haynes may yet attempt to raise issues regarding her health at trial, which could prejudice Pom if it is not allowed to obtain discovery related to her medical records.

### III. APPLICABLE LAW

Fed. R. Civ. P. 45 governs motions to quash subpoenas. Subsections 45(c)(3)(A)(iii) and (iv) of the Rule requires the court issuing a subpoena to quash that subpoena in certain situations, including when the subpoena "(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

Motions to quash a subpoena under Rule 45(c)(3) are made to the district court that issued it, because the issuing court has jurisdiction to enforce the subpoena.[1] However, quashing the subpoena is not the only remedy available to the issuing court – it may also modify or

---
[1] Fed. R. Civ. P. 45(c)(3)(A); see also Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc., 211 F.R.D. 658, 660 (D. Kan. 2003).

eliminate specific terms contained within the subpoena.[2] The party seeking to quash or modify the subpoena has the burden to show good cause for these remedies.[3]

While irrelevance and overbreadth are not explicitly included as reasons to quash a subpoena under Rule 45(c)(3)(A), the advisory notes clearly indicate that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."[4] This includes Fed. R. Civ. P. 26(b), which allows parties to seek discovery of any nonprivileged information relevant to any party's claims or defenses.[5] Relevance is construed broadly; "request[s] for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[6]

This Court previously identified the burdens of proof associated with the irrelevance and overbreadth objections in *Phalp v. City of Overland Park, Kan.*:

> When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure. Similarly, a party resisting discovery on the grounds that a request is overly broad has the burden to support its objection, unless the request is overly broad on its face. When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery relevant.[7]

---

[2] Fed. R. Civ. P. 45(c)(3)(A). *See also* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2463 (2d ed. 1995); *accord Hall v. Assoc. Int'l. Ins. Co.*, No. Civ. A. 11-4013-JTM-DJW, 2011 WL 2604783, at *2 (D. Kan. June 30, 2011).
[3] *Flint Hills Scientific, LLC v. Davidchack*, No. 00-2334-KHV-DJW, 2001 WL 1717902, at *1 (D. Kan. Nov. 9, 2001) (*citing Sentry Ins. v. Shivers*, 165 F.R.D. 255, 256 (D. Kan. 1996)).
[4] Fed. R. Civ. P. 45 advisory committee's note (1970 Amendment); *accord Booth v. Davis*, No. 10-4010-RDR-KGS, 2010 WL 2008284, at *6 (D. Kan. May 23, 2011) (*citing Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).
[5] Fed. R. Civ. P. 26(b)(1).
[6] *Booth*, 2010 WL 2008284, at *6 (*quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).
[7] *Phalp v. City of Overland Park, Kan.*, No. 00-2354-JAR, 2002 WL 1162449, at *3 (D. Kan. May 8, 2002) (internal citations omitted). *Accord Booth,* 2010 WL 2008284, at *6.

Of course, relevance analysis does not require that the discovered information be admissible at trial – merely that the discovery "appears reasonably calculated to lead to the discovery of admissible evidence."[8]

The underlying action alleges that Pom's advertising is false and/or misleading in violation of California's False Advertising Law, Unfair Competition Law, and Consumers Legal Remedies Act. California's False Advertising Law prohibits making any "false or misleading advertising claim."[9] The Unfair Competition Law prohibits "unfair, deceptive, untrue or misleading advertising."[10] The Consumers Legal Remedies Act prohibits "unfair methods of competition and unfair or deceptive acts or practices."[11] The claims under these statutes are governed by the "reasonable consumer" test and "must be evaluated from the vantage of a reasonable consumer."[12] Under this standard, Plaintiffs must "show that members of the public are likely to be deceived."[13]

## IV. ANALYSIS OF RELIEF REQUESTED

The subpoena issued to Haynes's physician contains three separate categories of document production requests, all related to Haynes's medical records in the files of her physician, which she argues are irrelevant and overly broad. Pom claims that all of the requests are relevant to its defense of the case, both to test Haynes's claims that the juice was not effective as to the health issues which lead to her purchasing the juice, as well as to prepare for the possibility that Haynes will introduce evidence regarding her health at trial.

The Court disagrees with Pom's assertion that Haynes's reason for purchasing the juice is a central disputed factual element of Plaintiffs' claims in this action. The California statutes at

---

[8] Fed. R. Civ. P. 26(b)(1).
[9] Cal. Bus. & Prof. Code § 17508.
[10] Cal. Bus. & Prof. Code § 17200.
[11] Cal. Civ. Code § 1770.
[12] *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citations omitted).
[13] *Id.* (*quoting Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).

issue do not require Plaintiffs to show that they were personally deceived by Pom's advertising. Instead, Plaintiffs are required to satisfy the "reasonable consumer" standard by showing that members of the public are likely to be deceived by the advertising claims. Thus, Haynes's personal health has nothing to do with whether Pom's advertising misled the class of Plaintiffs, and thus has no bearing on the case.

As a result, the Court would ordinarily sustain the objections to subpoena request Nos. 1, 2, and 3. The Court recognizes, however, Pom's concerns that Haynes has refused to stipulate that she will not put her physical condition at issue or call as witnesses at trial any of her doctors. If Haynes was to attempt to introduce evidence or testimony regarding health problems she experienced or which she may claim were not minimized or resolved as she expected as a result of consumption of Pom, then the medical records requested may become relevant. This places Pom in the difficult position of potentially having to defend against assertions by Haynes that the juice was not effective in treating her personal health conditions, without having been allowed an opportunity to obtain discovery on that issue. As a result, the Court concludes that prior to quashing the subpoena, Haynes must first stipulate in writing that she will not put her physical condition at issue or call as witnesses at trial any of her doctors. Should Haynes file such an express stipulation within seven days, the subpoena at issue will be quashed without further order of the Court. If, however, Haynes does not file such a stipulation, the subpoena will be modified, to limit the documents disclosed to those related to the conditions that Plaintiff testified at deposition were her reason for purchasing the juice, specifically those of high blood pressure and cancer.

**IT IS THEREFORE ORDERED** that if Anne Haynes files a statement on or before February 5, 2014 that she will not adduce any evidence or testimony as to her health at trial, nor

call as witnesses at trial any of her doctors, then the subpoena at issue will be quashed without further order of the court.

**IT IS FURTHER ORDERED** that if such a statement is not filed by Ms. Haynes on or before February 5, 2014, then the Motion to Quash Subpoena will be denied and the Motion to Modify Subpoena will be granted. The subpoena will be modified to limit the documents to be disclosed to those related to Haynes's medical conditions of high blood pressure and cancer. Should the documents to be disclosed contain information related to medical conditions other than high blood pressure or cancer, said information shall be redacted prior to disclosure.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 29th day in January, 2014.

s/ Teresa J. James  
Teresa J. James  
U.S. Magistrate Judge